Gabriel **GONZALEZ–MALDONADO,**
Petitioner,

v.

John **ASHCROFT,** Attorney
General, Respondent.

No. 03–71303.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 11, 2005.*

Decided Jan. 27, 2005.

Erika Anne Kreider, Esq., Tucson, AZ, for Petitioner.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel U.S. Immigration & Naturalization Service Office of the District Counsel, Phoenix, AZ, David V. Bernal, Attorney, Russell J.E. Verby, Esq., Anthony C. Payne, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. Agency No. A75–676–747.

Before: BRIGHT,** TASHIMA, and CALLAHAN, Circuit Judges.

## MEMORANDUM ***

Gabriel Gonzalez–Maldonado ("Gonzalez"), a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals ("BIA"), which affirmed without opinion the Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

Because the BIA adopted the IJ's decision without opinion, we review the decision of the IJ. *Alvarez–Garcia v. Ashcroft,* 378 F.3d 1094, 1096 (9th Cir.2004). We must uphold the IJ's decision if it is supported by reasonable, substantial and probative evidence in the record. *Kaur v. Ashcroft,* 379 F.3d 876, 884 (9th Cir.2004).

Gonzalez argues that the IJ erred in concluding that it would be reasonable for him to avoid future persecution by relocating to another part of Mexico. "[A]n individual who can relocate safely within his home country ordinarily cannot qualify for asylum." *INS v. Ventura,* 537 U.S. 12, 18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2000) (citing 8 C.F.R. § 208.13(b)(1)(i)(B)). In determining the reasonableness of internal relocation, we consider the following nonexhaustive factors: "whether the applicant would face other serious harm; any ongoing civil strife within the country; administrative, economic, and judicial infrastructure; geographical limitations; and social and cultural restraints, such as age, gender, health, and social and family ties." 8 C.F.R. § 208.13(b)(3) (2001).

As the IJ noted, Gonzalez is an ordinary citizen, and not a prominent figure in Mexico. Moreover, it appears that the claimed persecution was carried out by Chiapan-regional soldiers, not the Mexican government as a whole. Most significantly, Gonzalez testified to living in Mexico City without any problems for two months, and then relocating to Nogales for another two months, before he decided to enter the United States. In addition, upon his return to Mexico, Gonzalez was not arrested or persecuted while he remained in Nogales for several days before he reentered the United States. Although Gonzalez was homeless while he lived in Mexico City and Nogales, there is no evidence that Gonzalez was unable to obtain suitable housing in those cities or that Gonzalez would be unable to do so if returned to Mexico. *Cf. Mashiri v. Ashcroft,* 383 F.3d 1112, 1123 (9th Cir.2004) (reasoning that internal relocation would be unreasonable because the petitioner and her family would have to wait years for a new apartment). Finally, we note that Gonzalez is a single man with no children and faces no particular

** The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

hardship due to age, gender, or health. *See* 8 C.F.R. § 208.13(b)(3) (2001).

In sum, we conclude that substantial evidence supported the IJ's finding that it would be reasonable for Gonzalez to relocate to another part of Mexico. The IJ did not err in concluding that Gonzalez was ineligible for asylum.[1] *See* 8 C.F.R. § 208.13(b)(2)(ii) ("An applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality ... if under all the circumstances it would be reasonable to expect the applicant to do so.").

██ Gonzalez also petitions for review of the IJ's conclusion that he is ineligible for withholding of removal pursuant to 8 U.S.C. § 1231(b)(3). Because Gonzalez failed to establish eligibility for asylum, Gonzalez also failed to establish eligibility for withholding. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000) ("[A] failure to satisfy the lower standard of proof required to establish eligibility for asylum ... necessarily results in a failure to demonstrate eligibility for withholding of deportation.") (internal citation omitted).

██ Finally, Gonzalez petitions for review of the IJ's conclusion that he is ineligible for relief under CAT. Because substantial evidence supports the conclusion that Gonzalez reasonably could relocate to a part of Mexico where he would not be subject to persecution, the IJ did not err in concluding that Gonzalez failed to meet his burden of showing that it is more likely than not that he will be tortured if returned to Mexico. *See Singh v. Ashcroft,* 351 F.3d 435, 443 (9th Cir.2003) (concluding that the BIA did not err in relying primarily on reasonable internal relocation to reject application for relief under CAT).

The petition for review is therefore

DENIED.

---

**1.** We therefore need not and do not reach Gonzalez's contention that the IJ erred in finding that Gonzalez was not credible.

